**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ALVIS KEE,

        Plaintiff-Appellee,

and

CECILIA KEE,

        Plaintiff,

    v.

OFFICER JOHN AHLM,

        Defendant-Appellant,

and

OFFICER STEPHAN SMITH, OFFICER
RICK SIMMONS,

        Defendants.

No. 06-2088

(D. New Mexico)

(D.C. No. 02-CV-1243-JH/RHS)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **SEYMOUR**, and **TYMKOVICH**, Circuit Judges.

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

## I. Introduction

Alvis Kee filed suit against Officers John Ahlm, Stephen Smith, and Rick Simmons of the Farmington Police Department pursuant to 42 U.S.C. § 1983, alleging the officers violated his constitutional rights by wrongfully arresting him, maliciously prosecuting him, and using excessive force against him. At the close of evidence, the defendants filed a motion for judgment as a matter of law. The district court denied the motion and the jury returned a verdict in favor of Kee on all three claims against Ahlm. After judgment was entered, Ahlm again moved for judgment as a matter of law and the district court again denied the motion. In doing so, the district court determined there were questions of fact as to probable cause that required the case to be submitted to the jury. It also concluded, as a matter of law, that the dismissal of criminal charges against Kee under New Mexico's speedy trial rule constituted a favorable termination sufficient to support Kee's claim of malicious prosecution. Ahlm appeals the district court's order denying his motion for judgment as a matter of law on the claims for wrongful arrest and malicious prosecution. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, this court **reverses** the denial of Ahlm's motion for judgment as a matter of law as to the wrongful arrest and malicious prosecution claims and **remands** the matter to the district court for a new trial on damages and further proceedings not inconsistent with this opinion.

## II. Background

Taken in the light most favorable to Kee as the nonmoving party, the relevant facts are as follows. Kee is a lieutenant in the San Juan County Sheriff's Department who was off duty at the time of the events giving rise to the current dispute. In celebration of his upcoming birthday, he and his wife, Cecilia, decided to go to the Turnaround Bar in Farmington, New Mexico. When they arrived, there was a short line to enter and the bar had a capacity crowd of 300 to 400 people. Kee had one beer at home before leaving for the bar and ordered another beer from the bar after arriving.

At some point in the evening, there was an incident in the front of the bar involving Lorena Howe, who was a friend of Cecilia. Howe was denied admission to the bar because Dolores Shayne, the manager of the bar, concluded she was too intoxicated to enter. Upon hearing Howe would not be permitted to enter the bar, Cecilia became angry at the bar staff. She and James Dance, one of the bouncers at the bar, had a brief physical altercation, in which the two pushed one another, and Dance ordered Cecilia to leave the bar. Shayne, however, told a waitress to inform Kee his wife was upset and to ask him to bring her to the back of the bar to calm down. Kee had not previously been aware of the incident. By the time Kee got to where Cecilia had been standing, she was already being escorted to the back of the bar by her nephew. Jaime Morales, one of the other

bouncers at the bar, asked the Kees to drive Howe home because Howe was too intoxicated to drive and had given her car keys to the Kees.

Dance and Morales then decided to contact the police and ask for assistance. Because the telephone did not work, Dance left the bar and flagged down Ahlm, who was across the street at the time. Dance told Ahlm there was an incident inside the bar and he wanted help in ejecting those involved. Although Dance had not previously asked Kee to leave the bar, he told the officers to remove both Kee and Cecilia because he expected there would be problems with Kee. Ahlm, Smith, and Simmons arrived at the bar and asked Morales who was involved. After Morales initially pointed to where Howe had been standing, the officers said others were involved and asked Morales to identify these people. In response, Morales said, "What do you mean by involved? Well, we did ask Mr. Kee and his wife if they could take this lady out of here and give her a ride home." He then identified Kee and Cecilia for the officers. Dance also identified Kee and Cecilia as the two he wanted the officers to eject.

The officers first approached Cecilia and told her she needed to leave the bar. They escorted her out of the bar where they took her to the ground and arrested her. When Kee learned this had occurred, he went outside and repeatedly asked Ahlm why the officers had arrested his wife. Without answering, Ahlm simply told Kee he had ten seconds to leave the property. Kee did not leave, prompting Ahlm to ask Kee whether he was going to have to arrest him. Again,

Kee refused to leave and responded by saying, "Okay, arrest me then." According to Kee, he did not leave because he believed the officers had no grounds to arrest him. Following this exchange, Smith grabbed Kee's left arm and pushed him against the side of a van while Ahlm handcuffed him. The officers then took Kee to the patrol car where Ahlm slammed Kee's head on the trunk and hood of the car. Ahlm then shoved Kee into the patrol car and took Kee and Cecilia to jail. Kee was subsequently charged with trespass and resisting arrest pursuant to the Farmington Municipal Code. The criminal charges were eventually dismissed under New Mexico's speedy trial rule, which requires a case to be tried within 182 days.

Kee and Cecilia filed suit against Ahlm, Smith, and Simmons in the United States District Court for the District of New Mexico, pursuant to 42 U.S.C. § 1983, bringing claims for wrongful arrest, malicious prosecution, and use of excessive force.[1] The case proceeded to trial before a jury. At the close of the plaintiffs' evidence, all three officers moved for judgment as a matter of law, arguing the arrests were supported by probable cause and the Kees had failed to present sufficient evidence to allow a jury finding in their favor on any of the claims. The district court denied the motion as to all of Kee's claims and

_____

[1]In the initial and amended complaint, Kee also listed the Farmington Police Department as a defendant. Soon after the amended complaint was filed, however, the district court granted the motion to dismiss the claims against the police department for lack of jurisdiction.

Cecilia's claims of excessive force.[2]  Following trial, the jury returned a verdict in favor of Kee and against Ahlm for arrest without probable cause, malicious prosecution, and excessive force, awarding Kee $22,500.00 in damages.  The jury returned a verdict in favor of the defendants on all other remaining claims, including Kee's claims against Smith and Simmons and Cecilia's claims of excessive force against all three officers.

After judgment was entered, Ahlm again filed a motion for judgment as a matter of law under Rule 50(b) of the Federal Rules of Civil Procedure, or alternatively, for a new trial under Rule 59(a).  In his motion, Ahlm argued Kee had failed to establish a lack of probable cause, which was an essential element of his claims for unlawful arrest and malicious prosecution.  He also argued Kee failed to prove the other elements of these claims and failed, as a matter of law, to establish Ahlm had used excessive force.  The district court denied the motion.  In doing so, it concluded: (1) there was a factual question as to probable cause regarding "whether [Kee] knowingly remained upon the premises of the Turnaround Bar knowing that the Bar or its agent James Dance revoked or withdrew consent for [Kee] to be on the premises"; (2) dismissal for lack of prosecution constitutes a favorable termination for purposes of the malicious prosecution claim; and (3) Kee had presented sufficient evidence of malice and

---

[2]The district court granted the motion for judgment as a matter of law on Cecilia's claims of unlawful arrest and malicious prosecution.

excessive force to support the jury's verdict. Ahlm appeals the district court's order denying judgment as a matter of law only as to Kee's claims for unlawful arrest and malicious prosecution.

**III. Analysis**

On appeal, Ahlm argues the district court erroneously considered the existence of probable cause from the perspective of Kee, rather than the perspective of a reasonable officer. He argues the uncontradicted testimony that Dance asked Ahlm to remove Kee from the bar is sufficient to establish probable cause as a matter of law. As to the malicious prosecution claim, Ahlm argues that even if there was no probable cause, the claim cannot succeed because Kee failed to prove a favorable termination to the criminal proceedings against him. If the judgment is reversed as to either the unlawful arrest or malicious prosecution claim, Ahlm argues the matter should be remanded for a new trial on damages.

This court reviews *de novo* the district court's denial of a motion for judgment as a matter of law, applying the same standard as applicable in the district court. *Snyder v. City of Moab*, 354 F.3d 1179, 1184 (10th Cir. 2003). This court may reverse the denial of such a motion "only if the evidence points but one way and is susceptible to no reasonable inferences supporting the nonmoving party." *United Mine Workers of Am. v. Rag Am. Coal Co.*, 392 F.3d 1233, 1237 (10th Cir. 2004) (quotation omitted). In making this determination,

this court must not "make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000). Instead, "the court should give credence to the evidence favoring the nonmovant as well as that evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses." *Id.* at 151 (quotation omitted).

## A. Wrongful Arrest

To recover damages under 42 U.S.C. § 1983 for wrongful arrest, a plaintiff must show he was arrested without probable cause. *Cottrell v. Kaysville City*, 994 F.2d 730, 733 (10th Cir. 1993). "Probable cause exists if facts and circumstances within the arresting officer's knowledge and of which he or she has reasonably trustworthy information are sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense." *Johnson v. Lindon City Corp.*, 405 F.3d 1065, 1068 (10th Cir. 2005) (quotation omitted). In evaluating probable cause, this court applies an objective standard based on the facts available to the arresting officer at the time the arrest occurred. *Id.* Thus, this court considers "the circumstances as they would have appeared to prudent, cautious and trained police officers." *United States v. Davis*, 197 F.3d 1048, 1051 (10th Cir. 1999) (quotation omitted).

Applying the correct standard for probable cause to the instant case, this court concludes Kee's arrest was supported by probable cause as a matter of law.

The criminal trespass ordinance under which Kee was arrested provides that "[c]riminal trespass consists of knowingly entering or remaining upon the lands of another knowing that such consent to enter or remain is denied or withdrawn by the owner or occupant thereof." Farmington, N.M., City Code § 18-3-11(a). Further, § 18-3-12(a) states that "[a]ny person who enters and remains on the lands of another after having been requested by the owner or authorized agent of the owner to leave is guilty of a misdemeanor." Based on the uncontroverted testimony that Dance told Ahlm to remove Kee from the bar, a prudent police officer would have had grounds to believe Kee was committing the crime of criminal trespass.

At trial, Dance specifically testified that he told Ahlm to remove both Kee and his wife from the bar. When the officers entered the bar, Dance then pointed to the Kees as the people he wanted ejected from the bar. From these facts, which were not contested at trial,[3] a reasonable police officer would have had sufficient grounds to believe that Kee had been told to leave the bar by the owner or authorized bar staff and was nevertheless remaining on the premises, knowing his right to do so had been revoked. Contrary to Kee's assertions, Morales'

---

[3]Kee spends much of his brief arguing Dance's credibility was repeatedly challenged at trial and the jury could have therefore disbelieved his version of the events. Although Kee points out issues on which Dance arguably contradicted himself or was contradicted by other witnesses, none of these challenges goes to the ultimate issue of whether he told Ahlm to remove Kee from the bar. In fact, Morales' testimony that the officers told him others were involved corroborates this portion of Dance's testimony.

testimony does not undermine the existence of probable cause when judged from the perspective of Ahlm. Morales testified that when the officers asked him who else was involved, he also identified the Kees. Although Morales initially expressed confusion and stated only that the Kees had been asked to take Howe home, there was no testimony that he or anyone else ever told the officers the Kees were permitted to stay in the bar. Given Dance's prior statement to Ahlm, Morales' subsequent identification of the Kees actually served to bolster the officers' conclusion that the bar had revoked Kee's permission to remain on the premises and that Kee knew such permission had been revoked.

The district court erred by considering the question of probable cause from the wrong perspective. Rather than engaging in the proper inquiry of how the situation would have appeared to a reasonable officer, based on the facts known to Ahlm at the time of the arrest, the district court instead examined whether probable cause existed from the perspective of Kee. Essentially, the district court erroneously based its probable cause analysis on whether there was an actual violation of the criminal trespass statute. The district court noted factual questions regarding whether anyone had actually told Kee to leave the bar or informed him he no longer had permission to remain on the premises. It also noted a dispute as to whether Kee possessed the requisite state of mind for violating the statute, in light of his testimony that he believed the officers had no

lawful basis to remove him from the bar. On appeal, Kee raises these same factual questions.

These factual disputes, however, are irrelevant to the ultimate issue of probable cause. "[P]robable cause does not require certainty of guilt or even a preponderance of evidence of guilt, but rather only reasonably trustworthy information that would lead a reasonable person to believe an offense was committed." *United States v. Patane*, 304 F.3d 1013, 1018 (10th Cir. 2002). Thus, the only question of significance is whether Ahlm had "reasonably trustworthy information that would lead a reasonable person to believe" Kee was violating the city ordinance. Because it is beyond dispute that Dance told Ahlm to eject Kee and because Kee has pointed to nothing in the record to indicate Ahlm was ever told Kee had permission to stay, there was "no legally sufficient evidentiary basis" for the jury to find probable cause was lacking. Fed. R. Civ. P. 50(a)(1); *see also Reeves*, 530 U.S. at 151 (stating court must credit "evidence supporting the moving party that is uncontradicted and unimpeached" (quotation omitted)). Therefore, the district court erred in failing to grant Ahlm's motion for judgment as a matter of law on Kee's wrongful arrest claim.

## B. Malicious Prosecution

Although the common law provides a starting point for defining a § 1983 cause of action, the ultimate question is whether the plaintiff has established a constitutional violation. *Pierce v. Gilchrist*, 359 F.3d 1279, 1291 (10th Cir.

2004). Neither party in this case disputes that Kee's malicious prosecution claim required him to show that probable cause was lacking at the time of arrest. This court may therefore assume that lack of probable cause is an essential element of the claim. *See id.* at 1294 (assuming the constitutional tort of malicious prosecution requires an absence of probable cause where neither party disputed the issue). For the reasons discussed above, Ahlm had probable cause to arrest Kee for criminal trespass. Further, Kee has not pointed to any facts established at trial indicating that probable cause dissipated at some later point in time or that Ahlm was even involved in the prosecution after the initial arrest. *See id.* at 1295 (noting liability may be premised on the continuation of prosecution without probable cause, even if probable cause existed at the time of the arrest). Thus, the district court erred in failing to grant Ahlm's motion for judgment as a matter of law on Kee's malicious prosecution claim.[4]

## C. Relief

In his brief, Ahlm argues that if this court reverses the district court on either the wrongful arrest or malicious prosecution claim, it should remand for a new trial on the excessive force claim. At oral argument, however, Ahlm conceded a new trial on liability was unnecessary. Rather, he requested a new

---

[4]Because there was probable cause for the arrest, this court need not reach Ahlm's alternative argument that the dismissal of criminal charges under a speedy trial statute is not a favorable termination for purposes of a malicious prosecution claim.

trial on the issue of compensatory damages alone. Kee does not contest this issue, agreeing that if this court reverses the district court on any claim, the case must be remanded for an appropriate determination of damages. Accordingly, this court concludes a new trial on damages is appropriate. Because the jury awarded a general verdict on compensatory damages without distinguishing among the three claims, it is impossible to determine what portion of the award was attributable to the sole surviving claim for excessive force. *See Blanke v. Alexander*, 152 F.3d 1224, 1232 (10th Cir. 1998) (explaining that general award of damages must be reversed if one claim upon which damages could have been based was erroneously submitted to jury).

## IV. Conclusion

For the foregoing reasons, this court **reverses** the district court's denial of Ahlm's motion for judgment as a matter of law on the claims for wrongful arrest and malicious prosecution. The case is **remanded** for a new trial on compensatory damages and further proceedings not inconsistent with this opinion.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge


-13-